UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC ANDREW GARDNER, #287557,

        Plaintiff,

    v.                          CASE NO. 2:16-CV-10198
                                     HONORABLE GEORGE CARAM STEEH

ST. CLAIR CO. et al.,

        Defendants.

_____/

**OPINION AND ORDER DISMISSING THE CIVIL RIGHTS COMPLAINT AND
DENYING THE MANDAMUS COMPLAINT AND MOTIONS FOR APPOINTMENT
OF COUNSEL, JOINDER OF CLAIMS, AND STAY OF PROCEEDINGS**

## I. INTRODUCTION

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983.  Michigan

prisoner Eric Andrew Gardner ("plaintiff") challenges his state criminal proceedings.[1]  The

plaintiff names St. Clair County, the City of Port Huron, two state prosecutors, a state court

clerk, five state court judges, his defense attorney, and four city police officers as the

defendants in this action and sues them in their official and individual capacities.  The

plaintiff seeks injunctive-type relief and monetary damages.  The plaintiff has also filed a

complaint for mandamus, as well as motions for appointment of counsel, joinder of claims,

---

[1]The plaintiff was convicted of seven counts of first-degree criminal sexual
conduct following a trial in the St. Clair County Circuit Court and was sentenced as a
fourth habitual offender to concurrent terms of 30 to 50 years imprisonment in 2002.
See Offender Profile, Michigan Offender Tracking Information System ("OTIS"),
http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=287557.

and stay of proceedings.  The Court has granted the plaintiff leave to proceed without prepayment of the filing fee for this action.  <u>See</u> 28 U.S.C. § 1915(a)(1).

## II.  LEGAL STANDARDS

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  <u>See</u> 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citation omitted).  While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. <u>Twombly</u>, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the

defendant-unlawfully-harmed me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); Harris v. Circleville, 583 F.3d 356, 364 (6th Cir. 2009).

### III. DISCUSSION

### A. Criminal Proceedings

The plaintiff's claims in this case concern his state criminal proceedings and are subject to summary dismissal because he fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, Preiser v. Rodriguez, 411 U.S. 475, 499 (1973), not the validity of continued confinement. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his or her imprisonment if a ruling on the claim would necessarily render his or her continuing confinement invalid, until and unless the reason for that confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or been called into question by a federal court's issuance of a writ of habeas

-3-

corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. Id. at 487-89.

Heck and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). The underlying basis for the holding in Heck is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." Heck, 512 U.S. at 486.

The plaintiff's claims concern the validity of his state criminal proceedings. If he were to prevail on those claims, his state criminal convictions and continued confinement would be called into question. Consequently, the plaintiff's civil rights claims against all of the defendants are barred by Heck and his civil rights complaint must be dismissed.

## B. Claims against Defense Counsel

The plaintiff names a defense attorney as one of the defendants in this action. It is well-settled, however, that appointed and retained attorneys performing traditional functions as defense counsel do not act "under color of state law" and are not state actors subject to suit under 42 U.S.C. § 1983. Polk Co. v. Dodson, 454 U.S. 312, 318, 325 (1981); Elrod v. Michigan Supreme Ct., 104 F. App'x 506, 508 (6th Cir. 2004); see also Cicchini v. Blackwell, 127 F. App'x 187, 190 (6th Cir. 2005) ("Lawyers are not, merely by

-4-

virtue of being officers of the court, state actors for § 1983 purposes."). The plaintiff's complaint against defense counsel must thus be dismissed for this additional reason.

### C. Claims against St. Clair County

The plaintiff names St. Clair County as a defendant in this action. Municipalities and local governments may be subject to suit under 42 U.S.C. § 1983. See generally Monell v. Department of Social Svs., 436 U.S. 658 (1978). However, a local government may only be sued under § 1983 when the execution of a government policy or custom, for which the government as an entity is responsible, inflicts the injury. Id. at 692. In other words, for a government entity to be held liable under § 1983, "the entity's policy or custom must be the moving force behind the constitutional deprivation." S.H.A.R.K. v. Metro Parks, 499 F.3d 553, 563 (6th Cir. 2007). "[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell, 436 U.S. at 691.

In his complaint, the plaintiff does not allege any facts which indicate that St. Clair County operates unconstitutionally, maintains an unconstitutional policy or custom, or that any of its policies or customs accounted for any alleged improper conduct by the other defendants which caused him injury. As discussed infra, the state courts and their employees are arms of the State of Michigan, not entities operated by the counties. The actions of the state court judges, the court clerk, and the prosecutors occurred in their service as agents of the State, not St. Clair County, such that St. Clair County is not liable for their actions. See Cady v. Arenac Co., 574 F.3d 334, 345 (6th Cir. 2009). The claims against St. Clair County must therefore be dismissed for this additional reason.

### D.  Absolute Prosecutorial Immunity

The plaintiff names several state prosecutors as defendants in this action and sues them in their individual capacities for damages.  Such claims are subject to dismissal based upon immunity.  It is well-established that prosecutors are entitled to absolute immunity for conduct intimately associated with the judicial phase of the criminal process.  See Imbler v. Pachtman, 424 U.S. 409, 430 (1976); Higgason v. Stephens, 288 F.3d 868, 878 (6th Cir. 2002); see also Van de Kamp v. Goldstein, 555 U.S. 335, 342-43 (2009).  This immunity covers a prosecutor's actions in preparing and filing charging documents, including requests for arrest warrants, Kalina v. Fletcher, 522 U.S. 118, 129 (1997), and the decision file a criminal complaint.  Ireland v. Tunis, 113 F.3d 1435, 1446 (6th Cir. 1997).  It even applies when a prosecutor acts wrongfully or maliciously.  See Grant v. Hollenbach, 870 F.2d 1135, 1138 (6th Cir. 1989) (prosecutor absolutely immune from suit for allegedly conspiring to present false charges to the grand jury).  The state prosecutors are entitled to absolute immunity on any personal claim for damages arising from their advocacy in the plaintiff's criminal proceedings.

### E.  Absolute Immunity for State Court Judges and Court Clerk

The plaintiff names several state court judges and the court clerk as defendants and sues them in their individual capacities for damages.  Judges and judicial employees are entitled to absolute judicial immunity on claims for damages.  See Mireles v Waco, 502 U.S. 9, 9-10 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); Lyle v. Jackson, 49 F. App'x 492, 494 (6th Cir. 2002) (two court clerks who did not provide prisoner with copies of previous filings and transcripts were entitled to quasi-

judicial immunity); <u>Collyer v. Darling</u>, 98 F.3d 211, 221 (6th Cir. 1996); <u>Bush v. Rauch</u>, 38 F.3d 842, 847 (6th Cir. 1994); <u>Foster v. Walsh</u>, 864 F.2d 416, 417 (6th Cir. 1988) (per curiam) (court clerk who issued erroneous warrant on judge's order was immune from suit); <u>Yarbrough v. Garrett</u>, 579 F. Supp. 2d 856, 873 (E.D. Mich. 2008) (adopting magistrate judge's report).  Moreover, the 1996 amendments to § 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief.  <u>See</u> 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); <u>see also</u> <u>Kipen v. Lawson</u>, 57 F. App'x 691 (6th Cir. 2003) (federal judges' immunity); <u>Kircher v. City of Ypsilanti</u>, 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006).  The plaintiff's claims against the state court judges and the court clerk concern the performance of judicial and quasi-judicial duties.  Consequently, those defendants are entitled to absolute judicial immunity and quasi-judicial immunity and the claims against them must be dismissed for this additional reason.

### F.  Eleventh Amendment Immunity

The plaintiff also sues the state court judges, the court clerk, and the state prosecutors in their official capacities.  These defendants are entitled to sovereign immunity on claims against them in their official capacities.  The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity.  <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 66 (1989).  The State of Michigan has not consented to be sued for civil rights actions in federal court, <u>Abick v. Michigan</u>, 803 F.2d 874, 877 (6th Cir. 1986), and Congress did not abrogate Eleventh Amendment immunity

-7-

when it enacted § 1983. <u>Quern v. Jordan</u>, 440 U.S. 332, 341 (1979). The Michigan Supreme Court and its lower courts operate as arms of the state, and are thus entitled to the same sovereign immunity as the State of Michigan. <u>Pucci v. Nineteenth Dist. Ct.</u>, 628 F.3d 752, 762-64 (6th Cir. 2010); <u>Chambers v. Michigan</u>, No. 10-12509, 2011 WL 940830, *3-4 (E.D. Mich. March 16, 2011); <u>Young v. District & Supreme Cts. of Mich.</u>, No. 2:10-CV-15144, 2011 WL 166331, *2 (E.D. Mich. Jan. 18, 2011) (citing cases); <u>Brown v. Michigan Dep't of Corr., et al.</u>, No. 2:10-CV-12649, 2010 WL 5056195, *2 (E.D. Mich. Dec. 6, 2010). Eleventh Amendment immunity applies to state employees, such as judges, court clerks, and prosecutors who are sued in their official capacities. <u>Pucci</u>, 628 F.3d at 764; <u>Colvin v. Caruso</u>, 605 F.3d 282, 289 (6th Cir. 2010) (citing <u>Cady</u>, 574 F.3d at 344); <u>Moore v. Michigan</u>, No. 13-11789, 2014 WL 1260702, *2-3 (E.D. Mich. March 27, 2014). The state court judges, the court clerk, and the state prosecutors are entitled to Eleventh Amendment immunity and the claims against them in their official capacities must be dismissed for this additional reason.

## IV. CONCLUSION

For the reasons stated, the Court concludes that the plaintiff fails to state a claim upon which relief may be granted in his complaint and that several defendants are entitled to immunity. Accordingly, the Court **DISMISSES** the civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Given this determination, the Court also **DENIES** the complaint for mandamus and the motions for appointment of counsel, joinder of claims, and stay of proceedings. Lastly, the Court finds that an appeal from this decision cannot be

taken in good faith.  <u>See</u> 28 U.S.C. § 1915(a)(3); <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

Dated:  March 9, 2016

s/George Caram Steeh_____
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 9, 2016, by electronic and/or ordinary mail and also on Eric Gardner #287557, Oaks Correctional Facility, 1500 Caberfae Highway, Manistee, MI  49660.

s/Barbara Radke
Deputy Clerk

---

-9-